FILED

UNITED STATES COURT OF APPEALS

AUG 12 2010

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| P. VICTOR GONZALEZ, Qui Tam Plaintiff, on behalf of Himself, AKA Seal 1,<br><br>         Plaintiff - Appellant,<br><br>  v.<br><br>PLANNED PARENTHOOD OF LOS ANGELES, AKA Seal A; PLANNED PARENTHOOD SHASTA-DIABLO, AKA Seal B; PLANNED PARENTHOOD GOLDEN GATE; PLANNED PARENTHOOD MAR MONTE, AKA Seal D; PLANNED PARENTHOOD RIVERSIDE AND SAN DIEGO COUNTIES, INC. AKA Seal E; PLANNED PARENTHOOD ORANGE AND SAN BERNARDINO COUNTIES, INC., AKA Seal F; PLANNED PARENTHOOD PASADENA AND SAN GABRIEL VALLEY, INC., AKA Seal G; PLANNED PARENTHOOD SANTA BARBARA, VENTURA AND SAN LUIS OBISPO COUNTIES, INC. AKA Seal H; PLANNED PARENTHOOD SIX RIVERS, AKA Seal I; PLANNED PARENTHOOD AFFILIATES OF CALIFORNIA, AKA Seal J; MARY JANE WAGLE, AKA Seal K; MARTHA SWILLER, AKA Seal L; KATHY KNEER, AKA Seal M,<br><br>         Defendants - Appellees. | No. 09-55010<br><br>D.C. No. 2:05-cv-08818-AHM-FMO<br>Central District of California, Los Angeles<br><br>ORDER |

Before: GOODWIN, SCHROEDER and FISHER, Circuit Judges.

The Memorandum Disposition filed July 1, 2010 is hereby amended. With the filing of the Amended Memorandum Disposition, the panel has voted to deny the petition for panel rehearing. Judges Schroeder and Fisher have voted to deny the petition for rehearing en banc, and Judge Goodwin has so recommended.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are denied. Further petitions for rehearing and rehearing en banc shall not be entertained.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| P. VICTOR GONZALEZ, Qui Tam Plaintiff, on behalf of the United States and State of California, | No. 09-55010 |
| | D.C. No. 2:05-cv-08818-AHM-FMO |
| Plaintiff - Appellant, | |
| v. | AMENDED MEMORANDUM[*] |
| PLANNED PARENTHOOD OF LOS ANGELES, AKA Seal A; PLANNED PARENTHOOD SHASTA-DIABLO, AKA Seal B; PLANNED PARENTHOOD GOLDEN GATE; PLANNED PARENTHOOD MAR MONTE, AKA Seal D; PLANNED PARENTHOOD RIVERSIDE AND SAN DIEGO COUNTIES, INC., AKA Seal E; PLANNED PARENTHOOD ORANGE AND SAN BERNARDINO COUNTIES, INC., AKA Seal F; PLANNED PARENTHOOD PASADENA AND SAN GABRIEL VALLEY, INC., AKA Seal G; PLANNED PARENTHOOD SANTA BARBARA, VENTURA AND SAN LUIS OBISPO COUNTIES, INC., AKA Seal H; PLANNED PARENTHOOD SIX RIVERS, AKA Seal I; PLANNED PARENTHOOD AFFILIATES OF | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
A. Howard Matz, District Judge, Presiding

Argued and Submitted January 15, 2010
Submission Vacated January 20, 2010
Resubmitted for Decision June 29, 2010
Pasadena, California

Before: GOODWIN, SCHROEDER and FISHER, Circuit Judges.

P. Victor Gonzalez, relator, appeals the dismissal of his *qui tam* action against Planned Parenthood of Los Angeles, et al. ("Planned Parenthood"), under the federal False Claims Act ("FCA") and the California False Claims Act ("CFCA").

The district court held that the FCA's public disclosure bar at 31 U.S.C. § 3730(e)(4)(A) divested it of jurisdiction over the federal claim because the contents of the FCA suit had been disclosed previously in a state court complaint and a state legislative committee report, and because Gonzalez was not the original source of the information previously disclosed. The district court additionally

2

dismissed the CFCA claim because Gonzalez had characterized the claim under the state statute as "materially identical" to his claim under the federal FCA.

During the pendency of this appeal, two significant developments in the law occurred. First, the Supreme Court issued a decision that interpreted part of the jurisdictional provision at issue in this case. *See Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson*, 559 U.S. ___, 130 S. Ct. 1396 (2010). Second, Congress amended the same jurisdictional provision as part of the Patient Protection and Affordable Care Act ("PPACA"). *See* Pub. L. No. 111-148, § 10104(j)(2), 124 Stat. 119, 902 (2010).

The parties briefed these developments after argument, and they agree that the PPACA's statutory amendments should not be applied retroactively to this case. We decide the case under the prior statute as interpreted by *Graham County*. We review de novo the district court's dismissal of a *qui tam* action on the basis of § 3730(e)(4)(A). *United States ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1198 (9th Cir. 2009).

To determine whether the jurisdictional bar of § 3730(e)(4) precludes a *qui tam* action, we must first determine "whether there has been a prior public disclosure of the allegations or transactions underlying the *qui tam* suit." *A-1 Ambulance Serv., Inc., v. California*, 202 F.3d 1238, 1243 (9th Cir. 2000) (internal

quotation marks omitted). Once a public disclosure has occurred, the suit is jurisdictionally barred unless the relator bringing suit is an "original source" of the information disclosed. *Id.*

A disclosure is a "public disclosure" as contemplated by the statute only if (1) the disclosure "originated in one of the sources enumerated in the statute," and (2) "the content of the disclosure consisted of the 'allegations or transactions' giving rise to the relator's claim, as opposed to 'mere information.'" *Id.* (quoting *Hagood v. Sonoma County Water Agency*, 81 F.3d 1465, 1473 (9th Cir. 1996)). The former statute identified three categories of enumerated sources: (1) disclosures occurring "in a criminal, civil, or administrative hearing"; (2) disclosures occurring "in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation"; and (3) disclosures occurring "from the news media." 31 U.S.C. § 3730(e)(4)(A) (2006).

Planned Parenthood contends that an audit by the California Department of Health Services of Planned Parenthood of San Diego and Riverside Counties constituted a prior public disclosure. The district court correctly rejected this contention. Although Planned Parenthood argues that the audit was made public when it was discussed in an e-mail on January 26, 2004, sent from Planned Parenthood of San Diego to other Planned Parenthood affiliates in California, the

4

internal e-mail was not a "public disclosure" in any sense. Planned Parenthood affiliates may be incorporated separately, but they all performed similar services, maintained the same billing practices, and thus faced a common threat at that time. The affiliates receiving the e-mail therefore had an incentive to keep the information to themselves. There was no disclosure to an outsider. *Cf. Seal 1 v. Seal A*, 255 F.3d 1154, 1161 (9th Cir. 2001).

The district court erred, however, when it held that a California Senate committee report from August 9, 2004, was a prior disclosure that barred Gonzalez's *qui tam* action. The relevant provision barred any suit based on information publicly disclosed in a "congressional, administrative, or Government Accounting Office report . . . ." 31 U.S.C. § 3730(e)(4)(A) (2006). The Supreme Court has now clarified that "congressional" denotes only the federal legislature, and a state legislative report is therefore not an enumerated source under the prior statute. *See Graham County*, 130 S. Ct. at 1402-03; *see also United States ex rel. Bly-Magee v. Premo*, 470 F.3d 914, 917 (9th Cir. 2006). The state legislative committee report therefore cannot serve as a jurisdictional bar to suit. The district court, however, did not have the benefit of the Court's explanation in *Graham County*.

5

Planned Parenthood also points to an Internet report as well as contents of certain newspaper articles that focus on the activities of pharmaceutical companies, suggesting these qualify as disclosures "from the news media." The materials, however, do not disclose the material elements of the alleged fraud that forms the basis for this action, as required under our law. *See A-1 Ambulance*, 202 F.3d at 1243.

The district court additionally concluded that disclosures in Gonzalez's own state court lawsuit against Planned Parenthood for wrongful termination in June 2005 triggered the jurisdictional bar. State court lawsuits are indeed an enumerated source of a public disclosure under the statute. *United States ex rel. Green v. Northrop Corp.*, 59 F.3d 953, 966-67 (9th Cir. 1995). The parties do not dispute on appeal that Gonzalez's state court complaint disclosed the same allegations giving rise to this *qui tam* action. The state court lawsuit therefore qualified as a "public disclosure" under the FCA. The district court concluded, however, that Gonzalez was not an "original source" of the information disclosed, and that the state court lawsuit for that reason served to bar the *qui tam* suit. We disagree.

An original source must have "direct and independent knowledge of the information on which the allegations are based." 31 U.S.C. § 3730(e)(4)(B)

(2006). Here Gonzalez learned of the alleged fraud in the scope of his employment as Chief Financial Officer ("CFO") of Planned Parenthood of Los Angeles. He received internal e-mails concerning a state audit of another affiliate and then personally analyzed the billing practices of the Los Angeles affiliate at the request of his supervisor.

For a relator's knowledge to be "direct," the relator must acquire "firsthand" knowledge about the alleged fraud "though [his] own labor." *United States ex rel. Devlin v. California*, 84 F.3d 358, 361-62 (9th Cir. 1996). The relator must also make a "genuinely valuable contribution to the exposure of the alleged fraud." *Id.* The FCA does not limit an "original source" to the first insider to suggest the existence of a fraud. *See United States ex rel. Barajas v. Northrop Corp.*, 5 F.3d 407, 410-11 (9th Cir. 1993) (language of FCA suggests possibility of more than one "original source"); *Wang v. FMC Corp.*, 975 F.2d 1412, 1417 (9th Cir. 1992) (Wang alerted to potential fraud when "called in to study [a] problem" by his employer). The FCA does require, however, that an insider employee present specific facts that explain how he saw the fraud with his own eyes. *United States ex rel. Bly-Magee v. Premo*, 470 F.3d 914, 917 (9th Cir. 2006); *United States ex rel. Aflatooni v. Kitsap Physicians Servs.*, 163 F.3d 516, 525-26 (9th Cir. 1999).

7

Gonzalez presented adequate facts to demonstrate that he acquired firsthand knowledge about the allegedly fraudulent practices, even if he was not the first to discover the problem. Gonzalez also acquired his knowledge before the allegedly fraudulent billing practices were "disclosed" to the public within the meaning of the FCA, and he was later the driving force behind the disclosure made in his state court lawsuit. His knowledge of the alleged fraud was therefore "direct." The parties do not dispute that Gonzalez's knowledge was "independent" of the disclosure in his state court complaint because Gonzalez acquired the information before the complaint was filed. *See Meyer*, 565 F.3d at 1202. Gonzalez therefore qualifies as an "original source" of the allegations in the state court complaint, and the public disclosures in that complaint cannot bar jurisdiction over the *qui tam* suit.

Under the applicable federal statute, prior to its recent amendments, the federal claims are not jurisdictionally barred. We reverse the judgment dismissing the federal claim and remand for further proceedings. On remand, the district court may consider whether, in light of the differences between state and federal law as to enumerated sources, the state action should be treated differently. We do not consider the merits of the fraud allegations.

**REVERSED** and **REMANDED**.